IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NOTHERN DIVISION

| | |
|---|---|
| KELATRON,<br><br>    Plaintiff,<br><br>v.<br><br>MARLYN NUTRACEUTICALS,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:12-cv-00124-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 26; 31.) The Court considers Plaintiff's motion to compel supplemental interrogatory responses from Defendant, and to deem Plaintiff's requests for admission ("RFAs") admitted. (Dkt. No. 25.) The Court also considers Defendant's unopposed motion to amend its RFA responses. (Dkt. No. 31.)[1] On July 15, 2013, this Court held a hearing on both motions. For the reasons stated at the hearing, and set forth below, the Court **GRANTS** in part Plaintiff's motion, and **GRANTS** Defendant's motion.

## II. FACTUAL BACKGROUND

Plaintiff manufactures and sells mineral products, including selenium chelate. (Dkt. No. 2-1 at 2.) In 2009, Defendant placed four orders with Plaintiff for selenium chelate. (*Id.*) The

---

[1] Defendant "contends that its [RFA] responses . . . were entirely proper. " (Dkt. No. 31 at 1.) However, "if the Court deems any of [Defendant's] responses to be inadequate," Defendant moves to amend them rather than to deem them admitted. (*Id.*)

parties allegedly agreed to a contract that waived Plaintiff's liability for any lost profits or damages incurred by Defendant relating to the orders. (*Id.* at 3.) Defendant used the selenium chelate it purchased from Plaintiff to make products it delivered to third-party NBTY. (*Id.* at 4.)

In 2010, NBTY filed a lawsuit against Defendant because the products Defendant delivered contained soy. (Dkt. No. 2-1 at 4.) In 2011, Defendant filed a complaint in New York against Plaintiff for the damages NBTY sought from Defendant. (*Id.*) The New York court dismissed Defendant's complaint against Plaintiff for lack of personal jurisdiction. (*Id.* at 5.)

In June 2012, Plaintiff commenced this litigation against Defendant. Plaintiff alleges Defendant breached the parties' contract when it tried to hold Plaintiff liable for the NBTY damages. (Dkt. No. 2-1 at 7-8.) In July 2012, Defendant filed a counterclaim for breach of contract. (Dkt. No. 7 at 8.) Defendant alleges that Plaintiff knew the product it sold Defendant contained soy rather than selenium chelate. (*Id.*)

### III. PROCEDURAL BACKGROUND LEADING TO MOTION TO COMPEL

On December 5, 2012, Plaintiff served RFAs and interrogatories on Defendant. (Dkt. No. 25-1, Ex. 1.) On January 7, 2013, Defendant served its original RFA responses. (*Id.*, Ex. 2.) On January 31, 2013, Defendant served amended RFA responses. (*Id.*, Ex. 4.) Also on January 31, 2013, Defendant served its original interrogatory responses. (*Id.*, Ex. 3.)

On March 20, 2013, Plaintiff filed a motion to compel Defendant to supplement its responses to interrogatory Nos. 3-5, 7-17, and 19. (Dkt. No. 25.) Plaintiff also moved the Court to deem RFA Nos. 1-6, and 9-10 admitted. (*Id.*) On April 8, 2013, Defendant filed its opposition to

Plaintiff's motion. (Dkt. No. 30.) However, Defendant concurrently served supplemental responses to the contested interrogatories and RFAs. (Def.'s Resps.)[2]

## IV. PLAINTIFF'S MOTION TO COMPEL

Plaintiff believes that Defendant's April 8, 2013 supplemental responses remain evasive or incomplete. (Dkt. No. 32.) Therefore, Plaintiff invokes Fed. R. Civ. P. 37(a) to compel further supplemental responses to Interrogatory Nos. 7, 8, and 13, and to deem RFA Nos. 1-4, 6, and 9-10 admitted. (Dkt. Nos. 25; 32.)[3]

Defendant opposes the motion because it argues it provided sufficient discovery responses. (Dkt. No. 30.) Defendant also objects to the interrogatories as overbroad. Defendant objects to the RFAs because they allegedly attempt to establish disputed material facts. (*Id.* at 3.)

For the reasons stated below, the Court **GRANTS** Plaintiff's motion in part. (Dkt. No. 25.) Defendant must supplement its interrogatory responses. However, the Court will permit Defendant to amend its RFA responses, rather than deem them admitted.

### A. Interrogatory Nos. 7, 8, 13

#### i. <u>Defendant's Responses Lack Specificity Under Fed. R. Civ. P. 33(d)(1)</u>

Interrogatory No. 7 asks Defendant to "[i]dentify each document" NBTY provided to Defendant that Defendant "claim[s]" sets forth product specifications, or prohibits soy. (Dkt.

---

[2] Due to the parties' confidentiality concerns, Plaintiff chose not to file an electronic copy of Defendant's April 8, 2013 supplemental discovery responses. Instead, at the July 15, 2013 hearing, Plaintiff served a hard copy of Defendant's April 8, 2013 responses on the Court. Therefore, throughout this decision, the Court cites to this hard copy (Def.'s Resps.), which the Court maintains in its chambers.

[3] Plaintiff based its original motion to deem RFA No. 5 admitted on the fact that Defendant denied this RFA, and provided an explanation for the denial that failed to respond to the substance of the RFA. (Dkt. No. 25 at 13.) However, in its April 8, 2013 supplemental responses, Defendant admitted RFA No. 5. (Def.'s Resps.) Accordingly, the Court assumes this admission satisfies Plaintiff.

No. 25-1, Ex. 1 at 6.)  Similarly, Interrogatory No. 8 asks Defendant to identify any such "communication" sent from NBTY to Defendant.  (*Id.*)  Along the same lines, Interrogatory No. 13 asks Defendant to "[i]dentify each and every implied representation allegedly made by" Plaintiff that the products Plaintiff sold "were free of soy" as Defendant alleged in its counterclaim.  (*Id.*, Ex. 1 at 7.)

Defendant argues it properly invoked Fed. R. Civ. P. 33(d) to respond to Interrogatory Nos. 7, 8, and 13 when it "produced responsive business records" that Plaintiff could "review and analyze."  (Dkt. No. 30 at 6.)  Fed. R. Civ. P. 33(d) allows a party to respond to interrogatories by producing business records if: (1) "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records"; and (2) "the burden of deriving or ascertaining the answer will be substantially the same" for both parties.  *Id.*  Under such circumstances, a party may produce business records so long as it "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."  *Id.* 33(d)(1).

After reviewing the record, the Court finds Defendant's supplemental responses to Interrogatory Nos. 7, 8, and 13 fail to satisfy Fed. R. Civ. P. 33(d)(1).  Initially, Defendant inappropriately used Fed. R. Civ. P. 33(d) to respond to Interrogatory No. 8 even though this interrogatory "seeks all communications, including oral communications that would not be reflected in [Defendant's] business records."  (Dkt. No. 32 at 7.)

Moreover, Defendant's responses are deficient because Defendant failed to specify, in any detail, which portions of its 7,000 business documents respond to Plaintiff's interrogatories.  *See FatPipe Networks India Ltd v. XRoads Networks, Inc.*, No. 2:09-cv-186, 2010 WL 3064369, at *4 (D. Utah Aug. 3, 2010) (unpublished) (finding party failed to satisfy Rule 33(d) when it

No. 25-1, Ex. 1 at 6.)  Similarly, Interrogatory No. 8 asks Defendant to identify any such "communication" sent from NBTY to Defendant.  (*Id.*)  Along the same lines, Interrogatory No. 13 asks Defendant to "[i]dentify each and every implied representation allegedly made by" Plaintiff that the products Plaintiff sold "were free of soy" as Defendant alleged in its counterclaim.  (*Id.*, Ex. 1 at 7.)

Defendant argues it properly invoked Fed. R. Civ. P. 33(d) to respond to Interrogatory Nos. 7, 8, and 13 when it "produced responsive business records" that Plaintiff could "review and analyze."  (Dkt. No. 30 at 6.)  Fed. R. Civ. P. 33(d) allows a party to respond to interrogatories by producing business records if: (1) "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records"; and (2) "the burden of deriving or ascertaining the answer will be substantially the same" for both parties.  *Id.*  Under such circumstances, a party may produce business records so long as it "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."  *Id.* 33(d)(1).

After reviewing the record, the Court finds Defendant's supplemental responses to Interrogatory Nos. 7, 8, and 13 fail to satisfy Fed. R. Civ. P. 33(d)(1).  Initially, Defendant inappropriately used Fed. R. Civ. P. 33(d) to respond to Interrogatory No. 8 even though this interrogatory "seeks all communications, including oral communications that would not be reflected in [Defendant's] business records."  (Dkt. No. 32 at 7.)

Moreover, Defendant's responses are deficient because Defendant failed to specify, in any detail, which portions of its 7,000 business documents respond to Plaintiff's interrogatories.  *See FatPipe Networks India Ltd v. XRoads Networks, Inc.*, No. 2:09-cv-186, 2010 WL 3064369, at *4 (D. Utah Aug. 3, 2010) (unpublished) (finding party failed to satisfy Rule 33(d) when it

provided "entire source code," and ordering party to identify the specific source code sections inquired about); *Digecor, Inc. v. E.Digital Corp.*, 206 cv 437 TS, 2008 WL 803108, at *5 (D. Utah Mar. 22, 2008) (unpublished) (finding a defendant failed to comply with Rule 33(d) where it failed to "specify the records in detail to enable [the plaintiff] to locate and identify the responsive documents within the 32,000 documents provided."); *State of Colo. v. Schmidt-Tiago Constr. Co.*, 108 F.R.D. 731, 735 (D. Col. 1985) ("The appropriate answer when documents are to be used [under Rule 33(d)] is to list the specific document provided [to] the other party and indicat[e] the page or paragraphs that are responsive to the interrogatory.").

### ii. **Plaintiff Bears Greater Burden to Ascertain Interrogatory Answers Under Fed. R. Civ. P. 33(d)**

Defendant also opposes Plaintiff's motion under Fed. R. Civ. P. 33(d) because Defendant believes Plaintiff failed to provide evidence that it would bear a higher burden in identifying responsive documents. (Dkt. No. 30 at 7.) However, the Court finds Plaintiff presented sufficient evidence it would incur a higher burden regarding Interrogatory Nos. 7 and 13 where Defendant "alone can adequately identify the [] documents" it "subjectively" believes "will support its claim[s] . . . ." (Dkt. No. 32 at 7.) Similarly, Plaintiff convincingly asserts that it bears a higher burden to identify communications responsive to Interrogatory No. 8 where Plaintiff "was not a party to the communications" between Defendant and NBTY. (*Id.*)

### iii. **Defendant Waived Overbroadness Objection to Interrogatory Nos. 7, 8, & 13**

Plaintiff served its interrogatories on December 5, 2012. (Dkt. No. 25-1, Ex. 1.) Fifty-seven days later, on January 31, 2013, Defendant generally objected to the interrogatories as overbroad. (*Id.*, Ex. 3.) At the July 15, 2013 hearing, Defendant emphasized this previous objection as grounds for denying the motion to compel. However, the Court finds Defendant waived this overbroadness objection as untimely because Defendant served the objection more than thirty

days after Plaintiff propounded the interrogatories. *See* Fed. R. Civ. P. 33(b)(2) (noting a responding party must serve its interrogatory objections "within" thirty days after being served with the interrogatories); *id.* 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived . . . .").[4]

### B. RFA Nos. 1-4, 6, 9-10

#### i. <u>Defendant's RFA Denials do not Fairly Respond to Substance of the Matter</u>

When a party denies an RFA, the denial "must fairly respond to the substance of the matter . . . . " Fed. R. Civ. P. 36(a)(4). Here, Defendant denied RFA Nos. 1-4, 6, and 9-10. (Def.'s Resps.) However, in doing so, Defendant provided explanations for its denials. (*Id.*) Plaintiff moves the Court to deem the aforementioned RFAs admitted because Defendant's explanations for its denials do not fairly respond to the substance of Plaintiff's RFAs. (Dkt. No. 25 at 11.)

Defendant opposes Plaintiff's motion because it argues its unequivocal denials do not require an explanation. (Dkt. No 30 at 4.) *See Vetter v. Keate*, 2:09-cv-137-DB-PMW, 2010 WL 1566417, at *2 (D. Utah Apr. 16, 2010) (unpublished) ("Under rule 36, a party is allowed to simply deny a request for admission without providing any explanation."). While a party need not explain a denial, Defendant "affirmatively chose to provide explanations for its denials." (Dkt. No. 32 at 8.) To the extent that Defendant offered explanations, Plaintiff persuasively argues that Defendant's "proffered explanations for its denials" are "based upon facts and allegations unrelated to the substance of the request." (*Id.*)

---

[4] Further cutting against Defendant's January 31, 2013 objection, Defendant neglected to sign it. *See* Fed. R. Civ. P. 33(b)(5) ("The person who makes the [interrogatory] answers must sign them, and the attorney who objects must sign any objections.").

For example, RFA Nos. 1 and 2 ask Defendant to admit that, *prior* to when it allegedly discovered that Plaintiff's product contained soy, Defendant was aware other manufacturers used soy to make selenium chelate. (Dkt. No. 25-1, Ex. 1 at 12.)  In its RFA denials, Defendant offered explanations that bear no relation to the RFAs.  Defendant elaborated that *after* Defendant discovered soy in Plaintiff's product, Defendant determined Plaintiff's product was selenium selenite rather than a selenium amino acid chelate.  (Def.'s Resps.)

RFA Nos. 3, 4, 6, and 9 ask Defendant to admit that, prior to when it allegedly discovered soy in Plaintiff's product, Defendant: (1) never communicated to Plaintiff that the product had to be soy/allergen free; (2) never requested an ingredient list from Plaintiff; and (3) never communicated to Plaintiff the purpose for which Defendant was going to use Plaintiff's product. (Dkt. No. 25-1, Ex. 1 at 12-13.)  In its denials, Defendant offered explanations unrelated to the RFAs.  Defendant elaborated that, as of January 1, 2006, the U.S. Food and Drug Administration required the ingredients statement for Plaintiff's product to include the name of any major food allergen such as soybeans.  (Def.'s Resps.)  As such, Plaintiff should have disclosed the soy in the product it sold to Defendant.  (*Id.*)

RFA No. 10 asks Defendant to admit that, after it allegedly "discovered" soy in Plaintiff's product, Defendant bought or continued to accept Plaintiff's product.  (Dkt. No. 25-1, Ex. 1 at 13.)  In its denial, Defendant offered an evasive explanation that once Plaintiff "admitted" that soy protein was the chelating agent in the product, Defendant did not purchase additional product.  (Def.'s Resps.)

Because Defendant's aforementioned denials do not fairly respond to the substance of Plaintiff's RFAs, the Court finds the denials inappropriate.  *See Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR/GLR, 2011 WL 1559422, at *3 (D. Kan. Apr. 25, 2011) (unpublished)

("Rule 36(a)(4) . . . . does not authorize a respondent to evade the request for admission with an answer to some imaginary, collateral question.").

### ii. Defendant Waived RFA Objection

Plaintiff served its RFAs on December 5, 2012. (Dkt. No. 25-1, Ex. 1.) In its April 8, 2013 opposition to Plaintiff's motion to compel, Defendant – for the first time – objects to the RFAs because they allegedly "attempt to establish disputed material facts that go to the heart of the claims and defenses in this case." (Dkt. No. 30 at 3.) Because Defendant never before raised this specific objection to Plaintiff's RFAs, the Court finds Defendant effectively waived the objection. *See* Fed. R. Civ. P. 36(a)(3) ("A matter [within an RFA] is admitted unless, within 30 days after being served, the party . . . serves . . . a written . . . objection addressed to the matter . . . ."); *Ash Grove Cement v. Emp'rs Ins. Of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *4 (D. Kan. Aug. 6, 2007) (unpublished) (finding a plaintiff waived its vagueness objection to RFA where plaintiff failed "to assert" the objection "in its initial answer to" RFA, and only raised the objection in its response to defendant's motion to compel).[5]

## V. DEFENDANT'S MOTION TO AMEND RFA RESPONSES

The Court deems Defendant's RFA responses to RFA Nos. 1-4, 6, and 9-10 inadequate. Although Plaintiff originally moved to deem these RFAs admitted, Plaintiff never opposed Defendant's subsequent motion to amend its RFA responses, rather than deem them admitted. (Dkt. No. 31.) Given Plaintiff's lack of opposition, the Court **GRANTS** Defendant's Motion.

---

[5] Additionally, the Court finds that Defendant cannot object simply because it believes the RFAs present genuine issues for trial. *See* Fed. R. Civ. P. 36(a)(5) (stating a party "must not object solely on the ground that the request presents a genuine issue for trial.").

## VI. ATTORNEY'S FEES

Under Fed. R. Civ. P. 37(a)(5)(A), if a court grants a party's motion to compel, or if the opposing party provides the requested discovery after the requesting party files the motion, the court "must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney' fees."  However, the court "must not order this payment if" the opposing party's "response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Here, Plaintiff moves for attorney's fees incurred in filing this motion to compel because Defendant only supplemented its discovery responses after Plaintiff filed the motion, and the aforementioned supplemental discovery responses remain deficient.  (Dkt. No. 32 at 8-9.)

Although Defendant argues it served adequate discovery responses (Dkt. No. 30), Defendant undercut this argument when it served supplemental discovery responses after Plaintiff filed its motion to compel.  (Def.'s Resps.)  Moreover, while the Court recognizes Defendant's difficulties in responding to Plaintiff's discovery requests given their allegedly broad nature, and the early stage of litigation, Defendant failed to employ numerous mechanisms to address these concerns prior to Plaintiff filing the current motion.  Defendant could have raised relevant objections to the interrogatories and RFAs, but failed to do so in a timely fashion, as described above.  Defendant could have reserved the right to supplement its responses, or moved for a protective order, but failed to do either.   For these reasons, the Court **GRANTS** Plaintiff's request for reasonable expenses incurred in filing its motion to compel.

## VII. CONCLUSION

The Court **GRANTS** in part Plaintiff's motion to compel. (Dkt. No. 25.) Defendant must serve further supplemental answers to Interrogatory Nos. 7, 8, and 13 no later than **ninety (90) days** from the date of this decision.

The Court **GRANTS** Defendant's unopposed motion to amend its RFA responses. (Dkt. No. 31.) Defendant must serve its amended RFA responses for RFA Nos. 1-4, 6, and 9-10 no later than **sixty (60) days** from the date of this decision.[6]

Under Fed. R. Civ. P. 37(a)(5)(A), the Court **GRANTS** Plaintiff's request for attorney's fees incurred in filing its motion to compel. (Dkt. No. 25.) On or before **September 4, 2013**, Plaintiff shall submit a memorandum of costs to the Court. In this memorandum, Plaintiff will specify the amounts it seeks from Defendant, Defendant's counsel, or both. On or before **September 18, 2013**, Defendant may respond to that memorandum. After receiving these submissions, the Court will determine an appropriate dollar amount, and enter the order against Defendant.

Dated this 21st day of August, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[6] If Plaintiff feels unsatisfied with Defendant's further supplemental interrogatory and RFA responses, Plaintiff may renew its motion to compel, and to deem the RFAs admitted.