IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KELATRON,<br><br>          Plaintiff,<br><br>v.<br><br>MARLYN NUTRACEUTICALS,<br><br>          Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:12-cv-00124-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket Nos. 26; 41.)  On August 21, 2013, this Court granted in part Plaintiff's motion to compel discovery from Defendant.  (Dkt. No. 40.)  Under Fed. R. Civ. P. 37(a)(5)(A), the Court also awarded Plaintiff the reasonable expenses, including attorney's fees, it incurred by filing the motion.  (Dkt. No. 40 at 9-10.)[1]

To aid the Court in determining the proper award amount, the Court ordered Plaintiff to submit a memorandum of costs by September 4, 2013.  (*Id.* at 10.)  On that date, Plaintiff filed a

---

[1] Defendant never objected to this Court's August 21, 2013 decision, and the time to do so has expired.  *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections . . . within 14 days after being served with a copy [of the magistrate judge's decision].").

motion for $16,724.50 in attorney's fees.  (Dkt. No. 41.)[2]  Plaintiff seeks these fees from Defendant itself, rather than Defendant's counsel.  (*Id.* at 1.)  For the reasons discussed below, the Court **GRANTS** in part the motion.

## II.     STATEMENT OF LAW ON ATTORNEY'S FEES

With exceptions not applicable here, if a court grants a party's motion to compel, the court "must . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's *reasonable* expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

The fee applicant bears the burden to demonstrate that it submitted a reasonable attorney's fees request.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  To determine the reasonableness of such a request, the district court should calculate the "lodestar" fee amount.  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar fee amount is the hours reasonably expended[3] on litigation multiplied by a reasonable rate. *Cooper v. State of Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990).

"A reasonable rate is the prevailing market rate in the relevant community."  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted).  To ascertain the reasonable hours expended, the court should consider the following factors: (1) the tasks counsel would normally bill to a paying client; (2) the number of hours spent on each billed task; (3) the case's complexity; (4) the number of reasonable strategies pursued; (5) the

---

[2] The Court instructed Defendant to file a permissive response to Plaintiff's memorandum of costs by September 18, 2013.  (Dkt. No. 40 at 10.)  Defendant never responded to Plaintiff's motion for attorney's fees, and the time to do so has expired.

[3] "Billing judgment consists of winnowing the hours *actually* expended down to the hours *reasonably* expended."  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (emphasis added).

responses necessitated by the other side's maneuvering; and (6) the potential duplication of services by multiple attorneys.  *Ramos v. Lamm,* 713 F.2d 546, 553-54 (10th Cir. 1983), *overruled on other grounds by Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

### III.   ANALYSIS

Plaintiff's lead counsel, Bentley J. Tolk, attached a declaration to Plaintiff's motion for attorney's fees.  (Dkt. No. 41-2.)  The declaration reflects that counsel Tolk, counsel Rodger Moore Burge, and counsel Jeffery A. Balls spent a combined 61.7 hours on the motion to compel.  (*Id.* at 2-4.)  Tolk charged a $310.00 hourly rate, Burge charged a $280.00 hourly rate, and Balls charged a $215.00 hourly rate.  (*Id.*)

#### A.  Reasonable Rate

Tolk declares the hourly rates charged are "reasonable in comparison to [] market rates" for the "Wasatch Front area of Utah."  (Dkt. No. 41-2 at 4.)  Based on Tolk's declaration and absent a challenge by Defendant, the Court concludes the hourly rates charged are reasonable.

#### B.  Reasonable Hours

The Court excludes numerous hours spent on the motion to compel as unreasonable. Initially, the Court excludes the 1.4 hours Burge and Tolk spent reviewing Defendant's discovery responses.[4]  Similarly, the Court excludes the 0.6 hours Tolk spent analyzing Defendant's motion to amend its admissions.[5]  Presumably, Plaintiff's counsel would have performed these tasks "even in the absence of a discovery dispute."  *Stone v. Deagle*, Civil

---

[4] Burge reviewed discovery for 0.3 hours on February 26, 2013, and Tolk reviewed discovery for 1.1 hours on April 15, 2013.  (Dkt. No. 41-2 at 3.)

[5] Tolk performed this task on April 15, 2013.  (*Id.*)

Action No. 05-cv-01438-RPM-CBS, 2007 WL 4150298, at *3 (D. Colo. Nov. 19, 2007) (unpublished).

### i.     Reasonable Time Spent on Motion to Compel

Concerning the motion to compel itself, the Court excludes the 0.6 hours Burge spent planning the motion, as well as the 0.6 hours he spent preparing correspondence to Defendant about the motion.[6]  These hours appear redundant of the 7.5 hours Burge later spent drafting the motion and corresponding with Defendant.[7]  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (instructing fee applicants to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

The Court also excludes the 2.0 hours Burge spent preparing the motion to compel regarding requests for admissions (RFAs).[8]  The Court refrained from granting Plaintiff's motion to compel RFAs because the Court granted Defendant's motion to amend its admissions.  (Dkt. No. 40 at 10.)  *See Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *12 (D.N.M. Feb. 9, 2010) (unpublished) ("[B]ecause the Plaintiffs did not prevail on all aspects of the motion to compel, the Court will not shift all the Plaintiffs' attorney's fees to the Defendants.").

---

[6] Burge conducted these tasks on February 12, 2013, and on February 18, 2013.  (Dkt. No. 41-2 at 2.)

[7] Burge prepared the motion and drafted a letter to Defendant on February 18, 2013.  (*Id.*)

[8] Burge conducted this task for 1.0 hour on February 22, 2013, and for 1.0 hour on February 26, 2013.  (*Id.* at 2-3.)

Setting aside these excluded hours, Burge spent 14.2 hours preparing and revising the fifteen-page motion to compel (Dkt. No. 25).[9]  Tolk spent an additional 5.3 hours preparing and revising motions that arose from discovery.[10]  Balls also spent 6.7 hours drafting and revising the motion to compel.[11]  The Court excludes the hours Tolk and Balls spent drafting the motion to compel because they unnecessarily duplicated Burge's efforts.  *See Ramos*, 713 F.2d at 554 ("[I]f the same task is performed by more than one lawyer, multiple compensation should be denied.").

### ii.     Reasonable Time Spent Reviewing Defendant's Opposition

Balls spent 2.2 hours reviewing Defendant's eight-page opposition to Plaintiff's motion to compel, which included the cases cited therein.[12]  The Court finds this time excessive where the "argument" portion of Defendant's opposition only spanned four and one-half pages, and Defendant only cited three cases.  (*See* Dkt. No. 30 at 3-7.)  Accordingly, the Court reduces Ball's time for these efforts to 1.0 hour.  *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("[T]rial courts . . . may use estimates in calculating and allocating an attorney's time.").  The Court also

---

[9] Burge worked on the motion to compel for 7.5 hours on February 18, 2013, for 3.1 hours on February 22, 2013, for 1.9 hours on February 25, 2013, for 1.0 hour on February 26, 2013, and for 0.7 hours on March 1, 2013.  (Dkt. No. 41-2 at 2-3.)

[10] Setting aside the reasonable time Tolk spent conferencing with opposing counsel and drafting his declaration, Tolk worked on the motion to compel for 0.1 hours on February 25, 2013, for 4.1 hours on February 28, 2013, for 0.2 hours on March 15, 2013, and for 0.9 hours on March 20, 2013.  (*Id.* at 3.)

[11] Balls worked on the motion to compel for 3.9 hours on March 18, 2013, for 1.8 hours on March 20, 2013, and for 1.0 hour on March 21, 2013.  (*Id.*)

[12] Balls performed these tasks for 0.9 hours on April 8, 2013, and for 1.3 hours on April 9, 2013.  (*Id.*)

excludes the 0.9 hours Tolk spent analyzing Defendant's opposition because this time unnecessarily duplicated Balls's effort.[13]

### iii.     Reasonable Time Spent Drafting Reply to Defendant's Opposition

To prepare Plaintiff's reply to Defendant's opposition, Balls spent 0.7 hours researching case law on Fed. R. Civ. P. 33(d).[14]  The Court excludes this time as redundant where Burge presumably researched this case law when drafting the underlying motion to compel.  (*See* Dkt. No. 25 at 5-11) (discussing Fed. R. Civ. P. 33(d).)

Redundant research aside, Balls spent 8.0 hours researching and drafting the nine-page reply to Defendant's opposition.[15]  Thereafter, Tolk spent 7.8 hours revising the reply.[16]  The Court finds Tolk's revisions excessive where the reply itself took almost the same time to draft.  Accordingly, the Court reduces Tolk's revision time to 2.0 hours.  *See McCargo v. Tex. Roadhouse, Inc.*, Civil Action No. 09-cv-02889-WYD-KMT, 2010 WL 5129531, at *2 (D. Colo. Dec. 10, 2010) (unpublished) (reducing as excessive the time a senior attorney spent reviewing and rewriting a motion to compel).

Additionally, the Court excludes as duplicative the 2.1 hours Balls spent drafting and revising the reply in between Tolk's initial and final revisions.[17]  *See Clark v. Penn Square Mall*

---

[13] Tolk performed this task on April 15, 2013.  (Dkt. No. 41-2 at 3.)

[14] Balls conducted this research on April 25, 2013.  (*Id.*)

[15] Balls drafted the reply for 5.5 hours on April 19, 2013, and for 1.7 hours on April 22, 2013. (*Id.*)  He researched attorney's fees for 0.8 hours on April 25, 2013.  (*Id.*)

[16] Tolk revised the reply for 0.2 hours on April 23, 2013, for 6.4 hours on April 24, 2013, and for 1.2 hours on April 25, 2013.  (Dkt. No. 41-2 at 3-4.)

[17] After Tolk's initial revisions, Balls continued to draft the reply for 0.4 hours on April 24, 2013.  (*Id.* at 3.)  Balls then revised the reply for 1.7 hours on April 25, 2013.  (*Id.*)  Later on April 25, 2013, Tolk finalized his revisions.  (*Id.* at 4.)

*Ltd. P'ship*, No. CIV-10-29-C, 2011 WL 1990144, at *1 (W.D. Okla. May 23, 2011) (unpublished) (reducing as duplicative the hours multiple attorneys spent revising the same motion to compel).

### IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** in part Plaintiff's motion for attorney's fees. (Dkt. No. 41.) Under Fed. R. Civ. P. 37(a)(5)(A), Defendant must pay Plaintiff **$9,197.00** for reasonable attorney's fees that Plaintiff incurred in filing its motion to compel. Defendant must pay this amount to Plaintiff by **December 2, 2013**.

Dated this 29th day of October, 2013.                By the Court:

_____
Dustin B. Pead
United States Magistrate Judge